### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BRANDON BRANTLEY, | CIVIL ACTION   1:16-cv-05469 |
| Plaintiff, | |
| v. | COMPLAINT |
| CREDIT ONE FINANCIAL a/k/a CREDIT ONE BANK, N.A. | JURY TRIAL DEMANDED |
| Defendant. | |

### COMPLAINT

NOW COMES the Plaintiff, BRANDON BRANTLEY ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, CREDIT ONE FINANCIAL a/k/a CREDIT ONE BANK, N.A. ("Credit One"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Credit One's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

#### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States and supplemental jurisdiction exists for the state ICFA claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Credit One conducts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Illinois.

PARTIES

4.  Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in the Northern District of Illinois.

5.  Credit One is a corporation with its headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119. Credit One is a financial institution that collects debts using the mail and/or telephone nationwide, including in the State of Illinois.

FACTS SUPPORTING CAUSE OF ACTION

6.  Prior to the events leading to this cause of action, Plaintiff incurred a debt owed to Credit One ("subject debt").

7.  At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 5414. Plaintiff is and has always been financially responsible for his cellular phone ending in 5414 and its services.

8.  In August 2015, Plaintiff began receiving unknown calls to his cellular from the phone number 719-696-6175.

9.  The calls persisted throughout August 2015 before Plaintiff answered a call to determine the identity of the caller later in August 2015.

10. During this call, Plaintiff noticed an approximate 3-second pause between the time he said "hello," and the time that a live agent engaged Plaintiff in a conversation.

11. After introducing them self, Credit One attempted to collect the subject debt.

12. After listening to Credit One's collection attempt, Plaintiff advised Credit One that he was at work and requested that Credit One cease placing calls to his cellular phone.

13. Notwithstanding Plaintiff's request that the calls cease, Credit One continued to place harassing collection calls to Plaintiff on his cellular phone attempting to collect the subject debt, and, in at least instance, Credit One placed as many as 13 calls in one day.

14. Between August 2015 and January 2016, Credit One placed no less than 100 calls to Plaintiff's cellular phone.

15. The frequency of Credit One's calls to Plaintiff's cellular phone has severely disrupted Plaintiff's everyday life and general well-being.

16. Credit One's phone harassment campaign was highly upsetting to Plaintiff and has caused Plaintiff actual harm, including but not limited to, invasion of privacy, the aggravation that accompanies unsolicited telephone calls, emotional distress; and economic damages in the form of increased usage of his cellular phone services, reduced battery life, increased the usage of electricity expended on charging his cellular phone, and has further diminished space for data storage on his cellular phone.

17. As a result, Plaintiff was forced to expend time and energy to retain counsel as a result of Credit One's conduct.

**COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

20. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

21.     Upon information and belief, based on the pause and lack of prompt human response during the call that Plaintiff answered on his cellular phone and the frequency of the calls, Credit One used a predictive dialing system to place calls to Plaintiff's cellular phone.

22.     "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

23.     "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

24.     The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

25.     Credit One violated the TCPA by placing no less than 100 calls to Plaintiff's cellular phone between August 2015 and January 2016, using an ATDS, without his consent. .

26.     As pled above, Plaintiff was substantially harmed by Credit One's collection calls to his cellular phone.

27.     Pursuant to 47 U.S.C. §227(b)(3)(B), Credit One is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Credit One's willful and knowing

violations of the TCPA should trigger this Honorable Court's ability to treble damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, BRANDON BRANTLEY, requests that this Honorable Court:

a.  Declare Credit One's cellular phone calls to Plaintiff to be a violation of the TCPA;

b.  Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

c.  Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

28.  Plaintiff restates and realleges paragraphs 1 through 17 as through fully set forth herein.

29.  The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

30.  Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

31.  Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

32.  Credit One is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f). Credit One engages in the collection of debts, an activity which is within the stream of commerce and utilized in Credit One's regular course of business.

### a. Deception and Unfairness

33.  It was unfair and deceptive for Credit One to place numerous harassing collection calls to Plaintiff's cellular phone without his consent.

34. It was unfair for Credit One to place as many as 13 calls in one day to Plaintiff's cellular phone.

35. The phone harassment campaign Credit One has unleashed onto Plaintiff is against public policy, immoral, unethical, and oppressive.

36. As pled above, Plaintiff was substantially harmed by Credit One's unfair conduct.

37. Upon information and belief, Credit One systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default.

38. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair and deceptive business practice willfully employed by Credit One and is done on a large scale.

39. An award of punitive damages is appropriate because Credit One's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the continued harassing collection calls.

WHEREFORE Plaintiff, BRANDON BRANTLEY, requests that this Honorable Court:

a. Enter judgment in his favor and against Credit One;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Award Plaintiff reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: May 23, 2016                                    Respectfully Submitted,


                                                       /s/ Majdi Y.Hijazin____
                                                       Majdi Y. Hijazin, *Of Counsel*

                                                       *Counsel for Plaintiff*
                                                       Sulaiman Law Group, LTD
                                                       900 Jorie Blvd, Ste 150
                                                       Oak Brook, IL 60523
                                                       Phone (630) 575-8181
                                                       Fax (630) 575-8188
                                                       mhijazin@hijazinlaw.com